Okay, Mr. Green. May it please the Court, Sheridan Green for the appellant. The American Competitiveness in the 21st Century Act, AC-21, was passed by Congress to protect individuals in Mr. Nguyen's exact position as well as the companies that employ them. Individuals whose labor certification was approved, their I-140 is on file, and their I-485 green card application has been on file for more than 180 days. In other words, people who would have a green card today if not for government delay. These delays swallow whole careers and lifetimes. In the midst of them, life goes on. Sometimes you have to change jobs. Sometimes your corporate owner sells your Pizza Hut employer to another corporate owner. That's what happened here. Mr. Nguyen didn't even change jobs. His corporate parent changed. And so USCIS revoked his I-140. I'm going to explain how many ways that violated the law. But this case is about judicial jurisdiction. Specifically, it's about whether the district court could review USCIS's revocation of a form I-140. This court in Khalil v. Hazur implied that it could if certain conditions are met. In this case, the conditions were met. We will urge the court to follow through on Khalil and find jurisdiction. What's not up for debate is who is wrong and who is right on the merits. In this case, Mr. Hung's attorneys did everything right. They made no mistakes. I want to emphasize that because this labor certification process is a minefield. USCIS was required by law in its own procedure to take actions which it failed to take, despite being told repeatedly what the law was. If this court agrees with us that there is judicial jurisdiction, then it is uncontestable that USCIS was wrong to revoke the I-140 in this case. The merits question here is completely one-sided. So I want to talk first about jurisdiction. There are two ways this court could get to jurisdiction. First, it could follow its own precedent in Khalil v. Hazur, where the court said we don't generally have jurisdiction of because of 8 U.S.C. 1155, which makes revocation discretionary, but we might when section 204J, INA section 204J applies. And I'm sorry, I might jump back and forth between the 8 U.S.C. and the INA citation. It is 8 U.S.C. 1154J, and that comes in from the American Competitiveness in the 21st Century Act, which I'm going to call AC-21. That section applies when two conditions are met, and this is from Khalil again. The applicant has to be pursuing adjustment of status for permanent residence, not consular processing, and the I-485 had to still be pending when the I-140 was revoked. In Khalil, neither condition was met. In this case, both conditions were met. The I-485 was still pending on the date of the revocation, and Mr. Wynn is still pursuing adjustment of status. That gave the district court review. Second, the court could do what the 11th Circuit did in Kurapati. In that case, the 11th Circuit found jurisdiction because, in spite of the bar, U.S.C.I.S. had violated its own procedures, and this line of reasoning cited the U.S. Supreme Court case in Morton v. Ruiz, and that's a Bureau of Indian Affairs case where the Bureau had put a rule into its own internal manual where they said certain rules we're going to publish in the Federal Register. It was their own agency rule, and the Supreme Court said, if it's your rule, you've got to follow it. The 11th Circuit said, and this is a direct quote, failure to follow procedures is not within U.S.C.I.S.'s discretion. We've explained multiple violations of procedure in this case. First and foremost, when a new company wants to take over a Form I-140 that's protected under 204J, U.S.C.I.S. has to conduct a successor in interest determination. U.S.C.I.S. didn't do that here. When Avez Pizza, that is the second petitioner, that is the successor in interest here, bought the pizza hut that Mr. Hung worked at, sorry, his name is Mr. Wynn, Hung is his first name, that Mr. Wynn worked at and informed U.S.C.I.S. it was the successor in interest, and this is all in the record, and provided all necessary documents in accordance with precedent that goes back to 1986, U.S.C.I.S. never made a successor in interest determination. It simply proceeded as though only the original petitioner could ever act as the petitioner. I read through that revocation decision again last night, and U.S.C.I.S. does not use the words successor in interest anywhere in that decision. It just completely ignores what it was supposed to do. That's a violation of procedure, number one. Violation of procedure number two, U.S.C.I.S. denied the petition for lack of documentation that Moy Pizza, that's the original petitioner, had the ability to pay the prevailing wage in the year 2020. But U.S.C.S. regulations and procedures restrict this inquiry to the date the I-140 was filed and earlier. In this case, that date was July 30th, 2018. This is also a violation of procedure. In other words, in a case where 204J does not apply, the original petitioner then has to prove its ability to pay the prevailing wage all the way up to the adjudication of the green card application itself. So if U.S.C.I.S. keeps delaying, they can keep asking for more financial documentation. So in this case, if the Pizza Hut had not been sold, and it was Moy Pizza, the original petitioner, responding to the request for evidence in 2021, U.S.C.I.S. could require them to show their tax returns and financial documents up until 2021. But the regulation in this case, which is a 2016 regulation, it was on file, it was the law at the time, limits that inquiry to the date the I-140 was filed, July 30th, 2018. The especially enlightening point here, and the government has never responded to this, is that while this case was on appeal, U.S.C.I.S. issued a memo making this rule even clearer. And I want to read it. This is from January 5th, 2024. It says, U.S.C.I.S. is updating its guidance to explain that where the beneficiary has ported to a new employer under AC-21, and the immigrant petition for alien worker is pending, officers determine ability to pay by only reviewing the facts in existence from the priority date until the filing of the form I-140. So this is an admission in a memo during the pendency of this appeal that U.S.C.I.S. was wrong in this case. They looked at evidence that they were not allowed to look at, and... Well, whether they were wrong is, of course, a different question from whether that's reviewable. I completely agree with that, Your Honor. You agree that under 1155, revocation of an I-140 is committed to the agency discretion? Correct, Your Honor. So the question is, how does the court reconcile these two statutes? I believe that it creates a statutory conflict, because on one side we have 1155, which says, good and sufficient cause. What does that mean? Nobody knows. Completely discretionary, unreviewable. On the other hand, we have 204J, and 204J says the petition shall remain valid with respect to the new job, and it only provides one condition, if it's in the same occupational classification. So that's very specific. There's actually another potential condition there if you look at the Ninth Circuit cases. The interesting thing about what the Ninth Circuit does is because the Ninth Circuit does not always get to the merits, and when they get to the merits, those cases all end in the same way. USCIS will have said, this petitioner was not originally, when the petition was filed, eligible for the I-140 for whatever reason. So in Herrera, for example, it was a, what we call a multinational manager case, where the beneficiary has to prove that they are an executive or a manager. So USCIS says, Herrera, we don't think from the beginning met that qualification. And the Ninth Circuit says, reaching the merits, we agree. And because we agree with that, the petition did not remain valid because it wasn't valid in the first place. So there are two bases under 204J in which the case can be revoked, that the petition was not valid ab initio, and that it was not the same, the new job is not the same or similar occupational classification. Neither one of those is a problem here. Go ahead. Thank you. Mr. Green, you said that where the application's been ported, you only look to the date of, up to the filing of the I-40. But here, there wasn't an application to port until after the notice of intent to revoke. So, so why was it inappropriate for the government to ask for that information through 2020 when there had been no filing or any notice to the government of the port or any request to port? So that 204J request to port can be filed at multiple times. Essentially, the statute, I mean, the USCIS policy just says that the, it doesn't say anything about an application to port. It just says that the evidence that the government can look at cannot go beyond the date of filing the I-140. That's what it says. And we know that this is an AC-21 or a 204J covered petition because the I-485 was on file for 180 days. Those are the conditions that make AC-21 apply. And once that happens, it doesn't matter when the 204J is filed. That 204J can be filed at two different times. It can be filed by the original petitioner just to inform USCIS that this job that we, that we offered to the person that we described in the labor certification, we're still offering that same job to this same guy. But how will the government know that it can't look beyond the date of the filing of the I-40 based on portability without notice? Well, in this case, the 204J had been filed. Wasn't it filed in January of 2022 after the notice of intent to revoke filed in October of 2021? It may have been filed after the notice of intent to revoke, but it was filed and it was actually approved prior to the notice of revocation. In other words, USCIS had already determined at the time it revoked the petition that Avaz Pizza was the successor in interest. I thought part of your appeal was that the government hadn't made that determination and that was one of the mistakes that it had made. The government is, has contradicted itself as what it has done. So in, in the notice of revocation and in the, the, yeah, in the notice of intent to revoke and in the notice of revocation, USCIS says nothing whatsoever about successor in interest. The 204J is a completely different form. The 204J is a different form and a different adjudication, which comes back with a different approval notice. So you've, what you essentially have is USCIS doing one thing on the one hand and then completely contradicting themselves on the other hand, because by the time they issued the notice of revocation, they'd already approved the I-45J, which is a, which is a, um, an acknowledgement of the successor in interest. It's, it's, it's utterly schizophrenic. You're, you're running out of time. So I'll ask this question. Okay. Um. Are you essentially contending that the, the government could not revoke the I-40 here? I'm not contending that they couldn't. I'm only contending, number one, that it's reviewable because we have a conflict of statutes. We have one statute, which applies to revocations, which is completely discretionary. We have another one, which is on equal footing, which says the petition shall remain valid except for in very limited circumstances. So the question for the court is how do we reconcile those two statutes? And the way to reconcile them is to say 1155 applies in general to I-140 revocations. And when 204J protects the I-140, then it's 204J that applies. And so all USCIS can ask is about the same or similar occupational classification and whether the petition was valid of an issue. That's the way to reconcile those two statutes. And that's what we're going to, that's what we're going to ask the court to do. Your Honors, I have 30 seconds left, but I think I've said everything I was intending to say. Do you have any additional questions? All right. You've saved time for the questions, so thank you. Sure. Ms. Cullum? Good morning. May it please the Court. Christina Cullum, Assistant United States Attorney for the District of Columbia. This Court has stated unequivocally that the decision to revoke a immigrant visa petition is not subject to judicial review. Despite this clarity, plaintiff's complaint challenges this decision and questions the basis for it. But as the District Court correctly held under this Court's precedent in Ganem, USCIS's decision-making is not subject to review. Muy Pizza filed an I-140 visa petition on behalf of Mr. Nguyen and hundreds of other beneficiaries. This visa petition was invalid at its inception because Muy Pizza never provided USCIS with evidence that it could continuously pay the proffered wages for Mr. Nguyen and the other as is required by the USCIS policy manual. This amended petition could have initiated a successor and interest determination if Ivos Pizza had submitted the appropriate paperwork and attestations, but it did not do this. Thus, the petitioner in this case continued to be Muy Pizza, and the petition was properly revoked pursuant to 8 U.S.C. 1155. The petition was invalid at its inception, and no one disputes that an invalid petition cannot be ported, so 8 U.S.C. 1154J just does not apply in the instant case. The revocation of the petition and what flowed from it, the necessary revocation of the I-485 adjustment of status, because you can't adjust status if you don't have an underlying valid petition, was an unreviewable exercise of the Secretary's discretion. I would like— Mr. Green urges us to—I believe his words were to follow through on the Khalil decision, and I know that you were good in your brief of responding at length to Khalil, but just summarize for us whether it's possible for us to, using his words, follow through on Khalil or why we should not expand on that 2016 decision. It's true that Khalil did open the door for this Court and leave the question open about whether or not 1154J would somehow create a carve-out to the agency's discretion, and I would suggest that it does not create a carve-out. One, especially in this case, one, because 1154J doesn't apply in this case because you have to have a valid petition to So, at baseline, that is not this case. The second reason this Court should not create a carve-out of the agency's discretion is that the statutes are not in conflict. You can read 1154J and 1155 harmoniously. If the agency revokes a petition and determines that it's invalid, 1154J doesn't apply. If the agency doesn't revoke and exercise its discretion pursuant to 1155, then under 1154J, the beneficiary could attempt to port, assuming that it fit all the criteria under 1154J. So, for those two reasons, I would suggest to this Court that 1154J is not applicable in the instant case and there should be no carve-out. I think the case in Herrera, while the Ninth Circuit is a outlier regarding review of revocation decisions, one area in which Herrera and the district court cases that we cited in our brief did get it right is that the practical implications of reading 1154J the way that appellant suggests would mean that a petitioner, so the employer, who files an I-140 petition, say it has fraudulent information, say it's incomplete. As long as that beneficiary immediately changes employers, then the agency somehow loses its authority to revoke a petition, so a beneficiary could then adjust status and ultimately potentially get a green card based on a fraudulent, incomplete, or inaccurate petition merely because he jumped to one employer to the next quickly before the agency had time to review. That cannot be the intent of Congress when it created AC-21. The intent was to create job flexibility, not to revoke or somehow limit the agency's discretion under 1155. But isn't the question here really about the authority to review the agency action? Yes, Your Honor. I do think that, and as Your Honor and Your Honors know, that this court has read 1152A2B2 expansively, and that expansive reading of 1152A2B2 would suggest that this court should not follow Currapati, should not create a carve-out for procedural violations. And I would direct this court to a 2023 case from Flores v. Garland where this court stated that agency regulations cannot abdicate discretion authorized by statute at least for 1252A2B2 is concerned. In other words, we're not going to look beyond to what is going on in the regulations and the policies. We're not going to dig through USCIS's immigration policy to find some sort of procedural violation in this case when 1252A2B2 is clear. There is no jurisdiction to review these discretionary decisions. I did want to clarify a couple of points that were raised by the appellant's argument. One, I believe there's been a conflation of the successor and interest determination and portability. And the distinction is incredibly important because, as the appellant argues, that somehow the portability application was an acceptance that IVAS-PTSA was the successor and interest. Successor and interest is initiated by the employer and it is done by the new employer filing an amended I-140. That was not done in this case. When we're talking about procedural violations, it would have been a procedural violation for USCIS to consider IVAS-PTSA a successor and interest without the I-140. So IVAS-PTSA is not the successor and interest in this case. Portability is a separate and distinct issue. That is initiated by a beneficiary. And portability, I like to think of the distinction as, say, you work at McDonald's and you want to go work at Wendy's. That is portability. The successor and interest determination is much more complex. You work at McDonald's and you're saying that Wendy's has now bought McDonald's. Wendy's is McDonald's. The agency does a three-factor test to determine whether or not there is a successor and interest. So here, when we're talking about alleged procedural violations, and again, of course, we don't believe that there were procedural violations. And even if there were, we don't believe that this court should follow Currapati to say that there is a carve-out. But we've already, as I've discussed, the successor and interest or the failure to determine that IVAS-PTSA was a successor and interest was not a procedural violation. The second procedural violation that appellant challenges is the the request by the agency and the determination that Mui Ptsa couldn't continuously pay the proffered wage. That is a challenge to the merits of the decision. That is not a procedural violation. And even if this court were to follow Currapati and the 11th Circuit down that road, it still wouldn't even fall under the Currapati decision, which involved a failure to provide to the beneficiary of the intent to revoke. Unless this court has any further questions, we would rest on the arguments in our briefs and ask that this court affirm the decision of the district court and rule that there is no subject matter jurisdiction to review the revocation of Mui Ptsa's I-140 visa petition and the denial of the 485 Adjustment of Status application. Thank you, Ms. Collin. Thank you. Mr. Green, you've saved time for a vote. Just a few quick replies. She quickly mentioned Ghanem v. Upchurch. Ghanem v. Upchurch doesn't answer the question before the court. That's an I-130 case. It is a family-based petition. It does involve 8 U.S.C. 1155, but we already know that 8 U.S.C. 1155 is discretionary. That doesn't answer the question, how do we deal with 204J for jurisdiction purposes? Same with Flores. Flores is the National Interest Waiver case where this court said that the district court doesn't have jurisdiction over a National Interest Waiver. So what we know from Flores is that the National Interest Waiver statute is discretionary, but that, again, doesn't tell us anything about the interplay between 1155 and 1154J. It doesn't answer the question. The government repeats a claim that Avaz-Ptsa should have filed a new I-140. We've answered that in our reply brief, and this is directly out of the regulations. In a 204J situation where that I-485 has been on file for 180 days, that is not a requirement. And, in fact, that's the whole point. That's the entire point of the American Competitiveness in the 21st Century Act. That labor certification and I-140 process, as of today, takes three years. It takes three years just to do those first two steps. The whole point of AC-21 is to allow the subsequent petitioner, the successor in interest, to benefit from that labor certification I-140 without having to go through that horrendous process again. That's the entire point. And that's in the regulations. I would have brought those regulations and read them to you because it is right there in the regulations, but we just had a hurricane in Houston and my printing ability was limited to these five pages. So that is in the reply brief. She briefly used the word fraudulent, incomplete, and inaccurate to refer generally to the I-140, but there's never been any indication or any allegation of fraud, any allegation that anything was incomplete or inaccurate, again, other than the lack of, the alleged lack of ability to pay documentation from Moy Pizza from 2022 and beyond. In fact, I will read from the revocation decision just to make this clear. This is on page 265 of the record. This is from the revocation. Additionally, he submitted, that's referring to the attorney for the successor in interest, he submitted the petitioner's, Moy Pizza's, audited financial statements for 2018 and 2019. You may ask, how did he get the audited financial statements for his competitor? That's a good lawyer right there. That doesn't happen very often. That's in fact why USCIS has this rule, why they issued this memo, because the successor in interest can't get in 99.9% of cases the audited financial statement of his market competitor. These guys work together really well on this. The evidence shows from the revocation, the petitioner had sufficient income for that year, referring to 2018 and 2019. He did not submit the petitioner's annual reports for 2020. Therefore, it cannot establish the petitioner's ability to pay the proffered wage for 2020 and continuing. This is the entire basis of the revocation right here. We know from the memo and from the regulation, which was written in a goofy way, but the memo makes it really clear, can't ask for 2022, or 2020 and continuing. Can only ask for July 30, 2018 and before. So that's a violation of procedure. That's our contention. It's a violation of procedure. Under Cura Pati, that would provide jurisdiction if the court chose to go that way. And she tries to create a difference between the successor in interest and portability, and that just creates confusion. Portability, all portability means is that there is a new employer. That's all it means. It doesn't mean that the beneficiary wanted there to be a new employer. It doesn't mean that he wanted to go work at a different restaurant. He wasn't working at a different restaurant. And that owner of that restaurant sold that restaurant to somebody else. That's portability right there. That's a portability situation. And the protective power of AC-21 comes into play when that adjustment of status has been on file for 180 days. Otherwise, there's no difference between a successor in interest and portability. USCIS was required to make a successor in interest determination. It did not do so. Thank you, Your Honors. Your Honor, may I ask one question? Cura Pati found that the court could look at, could review that there was no discretion for an agency to fail to follow its own binding regulations. What is the regulation that USCIS violated here, allegedly? I don't have the regulation number, but we can look to the memo because the memo is on the same point. So this memo is... Have you ever identified it either in your briefing or at the court below? Yes. Yes, it is in the brief. It is in the brief. And we can do a 28-J on that too. But in the memo also, we'll cite the regulation because it's explaining the regulation. The memo is Policy Alert PA-2024-01. It is specifically, was published to specifically explain that regulation. And it makes it even clearer than it was in 2016. Officers determined ability to pay by only reviewing the facts in existence from the priority date until the filing of the Form I-140. Is that a policy versus a regulation? It is a policy alert to explain a regulation that was already in existence and says the same thing. It just says it in a kind of confusing way. Thank you. And again, I'm happy to do a 28-J because I'm sorry I don't have the regulation in front of me, but I'm pulling the hurricane card on that one. I was pulling an oak tree out of my bathroom. Thank you, Your Honor. All right. Thank you, Mr. Green. Your case and all of today's cases are under submission and the court is in recess until 9 o'clock tomorrow.